**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2235 |
| Plaintiff - Appellee, | D.C. No. 9:22-cr-00059-DWM-1 |
| v. | |
| DAVID LOREN WALDECK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted February 10, 2025
Seattle, Washington

Before: W. FLETCHER and NGUYEN, Circuit Judges, and BENNETT, District
Judge.**

David Waldeck appeals from his conviction for possession of controlled

substances with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Waldeck challenges the district court's denial of his motion to suppress evidence

and its decision to admit expert testimony on drug prices. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

We review denial of a motion to suppress de novo. *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017) (per curiam). Officers may conduct a traffic stop if they have reasonable suspicion to believe that the driver has committed a traffic violation. *United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000). "Reasonable suspicion is formed by 'specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.'" *Id.* (quoting *United States v. Michael R.*, 90 F.3d 340, 346 (9th Cir. 1996)).

The district court correctly concluded that the investigators had reasonable suspicion that Waldeck had violated Montana traffic law. Section 61-8-321(3)(a) of the Montana Code Annotated requires vehicles to be driven in the right-hand lane on all roadways having two or more lanes in one direction. Although the law creates exceptions for drivers "preparing" to turn left or "exiting" left, Waldeck did not fall within these exceptions. Mont. Code Ann. § 61-8-321(3)(b)(v), (3)(b)(vi) (2023). He drove nearly three miles in the left-hand lane and passed several intersections without making any indication that he intended to turn or exit left. Thus, the investigators had reasonable suspicion Waldeck had violated Montana law and lawfully stopped him for a traffic violation. The seizure of evidence from his vehicle after the stop was therefore lawful.

2

Waldeck also challenges the district court's decision to admit expert testimony on drug prices. "A district court's rulings on the admissibility of expert testimony are reviewed for an abuse of discretion." *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000). The probative value of the expert testimony cannot be "substantially outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of time." *Id.* at 1168 (citing Fed. R. Evid. 403).

The district court did not abuse its discretion when it admitted expert testimony about drug prices. The value of the drugs found in Waldeck's possession was probative of his intent to distribute. *See United States v. Sanchez-Lopez*, 879 F.2d 541, 555 (9th Cir. 1989). There was also not a substantial risk of prejudice. The district court limited the expert's testimony to drug prices, and this testimony was not duplicative of other evidence.

Waldeck also argues that the expert's brief testimony about the federal standards for pursuing drug trafficking cases was unduly prejudicial. The parties dispute the standard of review. But under any standard of review, the district court did not err admitting the testimony. The expert testified about federal standards generally and clarified that the factors were not relevant in every case. *See Hankey*, 203 F.3d at 1167 (instructing that evidentiary rulings will be reversed "only if such . . . error more likely than not affected the verdict").

3

**AFFIRMED.**